UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff-Respondent,                    Case No. 1:09-cr-37

v                                        HON. JANET T. NEFF

MICHAEL JOHN MODENA,

     Defendant-Movant.

_____/

**OPINION**

Pending before this Court is Defendant Michael John Modena's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (Dkt 275). The government filed a response in opposition (Dkt 298), and Defendant filed a reply (Dkt 310). Also pending are a plethora of other motions Defendant subsequently filed, to which the government has not filed any responses. For the reasons that follow, the Court denies the § 2255 motion as well as the attendant motions, and issues this Opinion and Final Order. *See* RULES GOVERNING § 2255 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**I**

On November 18, 2009, Defendant was found guilty by a jury of both charges against him: Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2); and Prohibited Person (domestic violence misdemeanant) in Possession of a Firearm, 18 U.S.C. § 922(g)(9), 18 U.S.C. § 924(a)(2). The Indictment also included a Forfeiture Allegation. This Court subsequently

granted the government's motion to vacate Defendant's conviction on Count II on the basis of the Double Jeopardy Clause (Dkt 156).  On March 16, 2010, the Court ordered the subject property forfeited to the government and sentenced Defendant to 72 months in prison to be followed by 3 years on supervised release (Dkts 173 & 176).  On March 18, 2010, the Court entered its Judgment (Dkt 178), from which Defendant timely filed a pro se Notice of Appeal on March 23, 2010 (Dkt 179).  The Sixth Circuit Court of Appeals assigned the appeal its Case No. 10-1377.

On May 31, 2011, while his direct appeal was still pending, Defendant filed this § 2255 motion, presenting eight grounds for review, titled as follows:

I.      Illegality

II.     Contributory Negligence, Illegality, Res Judicata, Statute of Limitation(s) on multiple violation(s) of Speedy Trial

III.    Illegality

IV.     Bill of Particulars

V.      Interstate Commerce Jurisdiction

VI.     Further Ineffective Assistance of Counsel, (particular) claim(s)

VII.    Further Ineffective Assistance of Counsel and Prosecutorial Misconduct claim on use, during Trial, of reference to Plea Removed 56th Circuit Court Case in Eaton County, on UCC Lien(s) in the presence of the petite jury

VIII.   Actual Innocence Claim on Base Offense Tax Case-Challenged at Allocution

(Dkt 289 at 5-17).

In June 2011, Defendant filed an addendum (Dkt 280) and "modified addendum" (Dkt 284) to his § 2255 motion, presenting an additional ground for review:

GROUND NINE, to the 28 USC § 2255 of O5/26/11, as being the Grand Jury, and the Court, and the BATF Special Agent (Mr. Walsh) lacked subject matter-scope authority: to charge a Title 18, USC § 922(g) or any Title 18 USC, 'crime' against

2

the Petitioner for a search on private property at 6727 Wood Rd. Norton Shores, MI., which is not (federally) (ceded) land.

(Dkt 284 at 1).

Defendant has also since filed motions for discovery (Dkts 289, 297, 304), and an addendum to his motion for discovery (Dkt 307); motions for issuance of subpoenas (Dkts 296, 317, 318, 319); a motion for appointment of counsel (Dkt 305); and a motion for release from custody on bond pending a decision on his § 2255 motion (Dkt 300).  Defendant also filed a motion for summary judgment, seeking "judgment" in his favor based on the government's failure to respond to these motions (Dkt 320).

On July 14, 2011, the Sixth Circuit affirmed this Court's Judgment, issuing its mandate on August 5, 2011 (Dkts 285 & 291).  *United States v. Modena*, No. 10-1377, 2011 WL 2745810 (6th Cir. July 14, 2011).

On August 12, 2011, the government filed its response to Defendant's § 2255 motion (Dkt 298).  Between August 19, 2011 and August 22, 2011, Defendant moved to add more grounds to his § 2255 motion (Dkts 302, 306, 308).

On August 24, 2011, Defendant filed his reply to the government response (Dkt 310).  On September 1, 2011, he filed a "Part Two" to his reply (Dkt 314).  On September 6, 2011, he filed an "addendum to Part Two" (Dkt 315).

## II

***Grounds I-IV, VIII & IX.***  It is "well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). As the

government points out in its response to Defendant's § 2255 motion, the Sixth Circuit has already considered and rejected the arguments subsumed in Defendant's Grounds I, II, III, IV, VIII and IX.[1]

The Sixth Circuit considered and rejected Defendant's argument regarding the upward variance at sentencing (Ground I), holding that "[t]he record [] supports the district court's upward variance." *Modena*, 2011 WL 2745810, at *3. The Sixth Circuit considered and rejected Defendant's argument that he was deprived of his right to a speedy trial (Ground II), holding that the argument "change[d] nothing" and lacked "any reference to relevant case law or to the record." *Id.* at *4. The Sixth Circuit considered and rejected Defendant's challenge to the enhancement of his sentence based on information in the presentence report (Ground III), holding that "[t]he contemporaneous, or nearly contemporaneous, possession of uncharged firearms is relevant conduct in the context of a felon-in-possession prosecution." *Id.* at *2 (citing *United States v. Phillips*, 516 F.3d 479, 483 (6th Cir. 2008)).

The Sixth Circuit considered and rejected Defendant's argument about the denial of his request for certain forms (Ground IV), holding that "[n]o error occurred." *Modena*, 2011 WL 2745810, at *2. The Sixth Circuit considered and rejected Defendant's social-security-number argument upon which he now bases his "actual innocence" claim (Ground VIII). The Sixth Circuit opined that Defendant's argument that "a different person committed the offenses underlying his § 922(g) conviction" was an argument that "change[s] nothing." *Id.* at *4. And the Sixth Circuit considered and rejected Defendant's challenge to the Magistrate Judge's resolution of his argument that the officer conducting the search in this case was operating "outside 'scope' authority" (Ground

---

[1]The government also points out that for similar reasons, Defendant's arguments regarding the variance, speedy trial, sentencing procedure, and compulsory process issues are also barred by the doctrine of collateral estoppel (Resp., Dkt 298 at 4).

IX, Dkt 284 at 1).  The Sixth Circuit pointed out that the Magistrate Judge considered and rejected the subject-matter jurisdiction challenge.  *Id.* at *1.

These six issues have already been decided on direct appeal, and Defendant has failed to demonstrate any exceptional circumstances or new law that would warrant this Court revisiting the issues.  Therefore, Grounds I through IV, VIII and IX are foreclosed, and do not provide bases for granting Defendant's motion to vacate, set aside, or correct the sentence imposed upon him.

***Ground V.***  Conversely, Defendant did not challenge the sufficiency of the evidence in his appeal to the Sixth Circuit and now attempts to challenge the evidence that led to his conviction and sentence.  In Ground V, Defendant argues that his sentence should be vacated or set aside because the government "never proved in (17) years of the alleged purchase of the gun from a Gun Show Dealer, in Grand Rapids, Michigan, that since that time it crossed state line, etc. and moved in interstate commerce" (Dkt 275 at 16).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either (1) "cause" excusing his double procedural default and "actual prejudice" resulting from the error of which he complains, or (2) "actual innocence."  *Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 622 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982).

Because Defendant did not present the issue in Ground V on direct appeal, the issue is procedurally defaulted unless Defendant can satisfy one of these prongs.  The basis for Defendant's actual-innocence claim (his social-security-number argument) has previously been rejected and is foreclosed, *see supra,* and Defendant has not demonstrated he would suffer prejudice if unable to proceed on this issue.  Indeed, as the government points out, there is no merit in Defendant's

5

challenge to the sufficiency of the evidence supporting his conviction (Resp., Dkt 298 at 5-6, citing *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998) (delineating the elements for a conviction under 18 U.S.C. § 922(g)(1)).  To convict under 18 U.S.C. § 922(g)(1), the government needed only to prove "that the firearm had traveled in or affected interstate commerce," and defense counsel stipulated at trial to "the interstate nexus of the firearms" (4/21/2010 Trial Tr., Dkt 204 at 12).

In short, the issue in Ground V is procedurally defaulted and does not provide a basis for granting Defendant's motion to vacate, set aside, or correct the sentence imposed upon him.

***Grounds VI & VII.***  The Sixth Circuit did not address Defendant's ineffective-assistance-of-counsel claims on appeal, deferring the claims to § 2255 review.  *Modena*, 2011 WL 2745810, at *2.  Ineffective-assistance-of-counsel claims are not subject to the procedural default rule.  *Massaro*, 538 U.S. at 504.  Rather, an ineffective-assistance-of-counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

The ineffective-assistance-of-counsel claims Defendant includes in his § 2255 motion concern the representation afforded him by his trial attorney.  According to Defendant, their conflicts on matters of trial strategy were "overly abundant" (Dkt 275 at 19).  In Ground VI, Defendant asserts that the "big issue" was the fact that his trial attorney did not subpoena any witnesses for trial, whereas Defendant requested eighty witnesses be subpoenaed, including the members of the grand jury (Dkt 275 at 18).  Also in Ground VI, and further in Ground VII, Defendant highlights various times in the trial and sentencing proceedings where he wanted his

6

attorney to lodge an objection (*id.* at 19-21).  For example, Defendant complains that his counsel failed to object at sentencing to the upward variance (*id.* at 20).

Defendant's arguments are reviewed under the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984), which the Supreme Court established to evaluate ineffective assistance of counsel claims.  *Valentine v. United States*, 488 F.3d 325, 338 (6th Cir. 2007).  First, Defendant  must show that his counsel's performance was deficient.  *See Strickland*, 466 U.S. at 687.  Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment."  *Id.*  Second, Defendant must show that his counsel's deficient performance actually prejudiced Defendant, resulting in an unreliable or fundamentally unfair outcome.  *See id.*  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id.* at 686.

Defendant's arguments do not show either that his trial counsel's performance fell below an objective standard of reasonableness or that counsel's performance prejudiced him.  Defendant raised the subpoena issue in his appeal to the Sixth Circuit, contesting this Court's denial of his request for 79 subpoena forms, 12 subpoena duces tecum forms, 5 blank arrest warrants, 5 deposition forms and several IRS tax forms.  The Sixth Circuit decided that "[n]o error occurred." *Modena*, 2011 WL 2745810, at *2.  The Sixth Circuit found that Defendant had "identified no argument he was unable to raise or any evidence he could not introduce due to the district court's order."  *Id.*  Further, the Sixth Circuit pointed out that "the right to present a defense does not include the right to unlimited copies of whatever forms a defendant wants."  *Id.*  Because the

underlying subpoena issue lacks merit, there can be no deficient performance by counsel related to the issue and, even if there were, Defendant clearly suffered no prejudice.

Neither has Defendant overcome the presumption that counsel's decisions about when to object during trial and sentencing were sound strategy. *See Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)). In light of the circumstances as they existed at the time, the Court determines that the identified acts or omissions of Defendant's counsel were not outside the wide range of professionally competent assistance, *see id.* at 690, and, even if they were, Defendant clearly suffered no prejudice.

In sum, Defendant has failed to show that his attorney provided him ineffective assistance under the standard set forth in *Strickland.* Grounds VI and VII do not provide bases for granting Defendant's motion to vacate, set aside, or correct the sentence imposed upon him.

***Discovery.*** In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999)).

The files and records in this case conclusively show that Defendant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. Further, no discovery is required. Consequently, this Court denies Defendant's motions for discovery (Dkts 289, 297, 304); for issuance of subpoenas (Dkts 296, 317, 318, 319);

and for appointment of counsel to obtain discovery (Dkt 305).  Accordingly, this Court also denies

Defendant's motion for summary judgment (Dkt 320), in which Defendant sought "judgment" in

his favor on these motions.

    ***Addenda.***  After the government filed its response to Defendant's § 2255 motion, Defendant

filed three documents, seeking to add more grounds to his § 2255 motion.  In its discretion, the Court

denies Defendant leave to add any of these grounds.  *See generally Oleson v. United States*, 27 F.

App'x 566, 569-71 (6th Cir. 2001) (discussing the interests-of-justice approach to deciding

amendments to § 2255 motions).

    Specifically, Defendant seeks to add a "Ground Seventeen"[2] to challenge trial counsel's

failure to object to the presentence report (Dkt 306).  As previously stated, the Sixth Circuit

considered and rejected Defendant's challenge to the enhancement of his sentence based on the

information in the presentence report (Ground III), holding that "[t]he contemporaneous, or nearly

contemporaneous, possession of uncharged firearms is relevant conduct in the context of a

felon-in-possession prosecution."  *Modena*, 2011 WL 2745810, at *2.  Accordingly, there can be

no deficient performance by counsel related to the issue and, even if there were, Defendant clearly

suffered no prejudice.  Therefore, it would be futile to permit this amendment.

    Defendant also seeks to present the following eight additional grounds, titled as follows:

XVIII. Alternative Relief

XIX.   False Claims

XX.    Failure to State a Claim

---

    [2]Defendant apparently begins with Ground XVII because, as he indicates therein, he presented "16(Sixteen) Grounds" in his "Article I, § 9, cl. 2, Writ of Habeas Corpus," filed in "the USDC, WD Pennsylvania at Pittsburg[h], on July 6, 2011" (Dkt 306 at 2).

XXI.    Contributory Negligence

XXII.   Bench Problems

XXIII.  Unclean Hands

XXIV.  Failure to Plead

XXV.   Res Judicata

(Dkt 302).  Similarly, Defendant proposes a Ground XXVI, titled "Negligence" (Dkt 308).  Neither the rambling "Bench Problems," nor any of the civil theories provides a basis for vacating, setting aside, or correcting the sentence imposed upon Defendant.  Accordingly, it would also be futile to grant Defendant leave to amend his § 2255 motion to add these grounds.  Each request is denied.

### III

Pursuant to 28 U.S.C. § 2253(c), the Court must further determine whether to grant a certificate of appealability as to the issues Defendant raises.  *See* RULES GOVERNING § 2255 PROCEEDINGS, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"); *see also Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined).  The Court must review the issues individually.  *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

Regarding Defendant's ineffective-assistance-of-counsel issues presented in Grounds VI and VII, constitutional claims that this Court rejected on the merits, the showing required to satisfy § 2253(c) is straightforward:  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment

10

of Defendant's ineffective-assistance-of-counsel claims debatable or wrong.  A certificate of appealability will therefore be denied as to these issues.

On the remaining issues in Grounds I-V and VIII-IX, which this Court rejected on procedural grounds without reaching their merits, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *See Slack*, 529 U.S. at 484.  The Court holds that reasonable jurists could not find this Court's procedural rulings debatable.  Therefore, the Court also denies Defendant a certificate of appealability as to the remaining issues presented.

## IV

For the foregoing reasons, this Court denies Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt 275), and denies a certificate of appealability as to each issue asserted therein.  This Court also denies Defendant's motions for leave to file an addendum to his § 2255 motion (Dkts 302, 306 & 308); motions for discovery (Dkts 289, 297, 304); for issuance of subpoenas (Dkts 296, 317, 318, 319); and for appointment of counsel (Dkt 305). Accordingly, this Court denies Defendant's motion for summary judgment (Dkt 320).  This Court also denies as moot Defendant's motion for release from custody on bond pending a decision on his § 2255 motion (Dkt 300).  A Final Order will be entered consistent with this Opinion.

This Court has now given full consideration to Defendant's arguments.  In light of Defendant's numerous and repetitive filings, the Court advises Defendant that future filings in this closed case will not be favored.


Date:  September 30, 2011                             /s/ Janet T. Neff                            
                                                     JANET T. NEFF
                                                     United States District Judge